UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23675-CIV-ALTMAN-Reid

DISTRICT THEATERS, INC., *et al.,*

    Appellants,

v.

CINEMEX HOLDINGS USA, INC., *et al.,*

    Appellees.

_____/

**APPELLANTS' RESPONSE AND INCORPORATED MEMORANDUM OF LAW
IN OPPOSITION TO GUC CLAIMS TRUST'S MOTION TO INTERVENE IN APPEAL
WITH INCORPORATED MEMORANDUM OF LAW**

    Omar Khan, S.C.G.C Inc., SCGM Inc., SCG-B Inc., SCG-VP Inc., District Theaters, Inc., SCG-WR LLC, SCG-CS Inc., SCGK Inc., SCG-SW Inc., SCG-WL Inc. and SCG-N Inc. (collectively, the "Khan Parties" or "Appellants"), by and through their undersigned counsel, hereby file their *Response and Incorporated Memorandum of Law in Opposition to GUC Claims Trust's Motion to Intervene in Appeal With Incorporated Memorandum of Law* (the "Response"), and state as follows:

**BACKGROUND**

    1.    On April 25, 2020, the Appellees (Debtors) each filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"), which cases were jointly administered under Case No. 20-14695-LMI (collectively, the "Case").

    2.    On or about May 22, 2020, the Official Committee of Unsecured Creditors was appointed in the Case (the "Committee").

1

3. On July 6, 2020, the Khan Parties each filed proofs of claims in the Case (collectively, the "Claims"). Thereafter, on October 22, 2020, the Debtors filed their *Amended Objections to Claims* (the "Amended Objection"), and on November 13, 2020, the Khan Parties filed their *Response to Amended Objection to Claims* (the "Response").

4. On October 28, 2020, the Debtors filed their *Third Amended Joint Chapter 11 Plan of Reorganization* (the "Plan"), which was confirmed and approved by order of the Bankruptcy Court on November 25, 2020 (the "Confirmation Order")[1].

5. On December 18, 2020, the Debtors provided and afforded notice that December 18, 2020 was the effective date under the Plan (the "Effective Date")[2].

6. The Plan provided, in part, for the following:

(a) the GUC Claims Trust would be established under the Plan, as of the Effective Date of the Plan;

(b) after the Effective Date, the Reorganized Debtors shall have the sole authority to file, withdraw, or litigate to judgment, objections to all Claims other than GUC Claims; and

(c) after the Effective Date, the GUC Claims Trust shall have the sole authority to file, withdraw, or litigate to judgment, objections to all GUC Claims.

7. Accordingly, as of *December 18, 2020*, the GUC Claims Trust was established and vested with sole authority to prosecute objections to GUC Claims (which include the Appellants' Claims).

---

[1] A true and correct copy of the Confirmation Order is attached to the Motion as Exhibit "A". The Plan is attached to the Confirmation Order as Exhibit "A".

[2] A true and correct copy of the *Notice of Effective Date* is attached hereto as Exhibit "A".

8.  In connection with the Amended Objection and Response, the Debtors propounded all discovery requests and noticed and conducted all depositions. Other than the Khan Parties, no other party in interest, including the Committee or the GUC Claims Trust, propounded discovery or noticed or cross-noticed any depositions in connection with the Amended Objection and Response.

9.  On May 20, 2021 (approximately 5 months <u>after</u> the Effective Date), June 18, 2021, and July 9, 2021, the Bankruptcy Court conducted a trial (the "<u>Trial</u>") on the Amended Objection and Response.

10. During the Trial, the Debtors and the Khan Parties were the only parties to call witnesses and conducted all direct and cross-examinations. Other than the Debtors and the Khan Parties, neither the GUC Claims Trust nor the GUC Claims Trustee called witnesses or conducted any examinations during the Trial.

11. Following the conclusion of the Trial, the Debtors and the Khan Parties submitted their respective proposed findings of fact and conclusions of law and responses. Neither the Claims Trust nor the GUC Claims Trustee submitted or filed any proposed findings or briefs.

12. On October 4, 2021, the Bankruptcy Court issued its *Memorandum Opinion on Objection to the Khan Parties' Claims* (ECF No. 244) (the "<u>Opinion</u>").

13. On October 18, 2021, the Khan Parties filed their *Notice of Appeal* (ECF No. 258), thereby appealing the Opinion to this Honorable Court.

## THE GUC CLAIMS TRUST MOTION

14. On November 10, 2021, the GUC Claims Trust filed its *Motion to Intervene in Appeal With Incorporated Memorandum of Law* (the "<u>Motion</u>").

15. In support of its Motion, the GUC Claims Trust posits that it is entitled to intervene in the Appeal for the following reasons: (a) as the estate's representative on unsecured claims, the GUC Claims Trust has standing to be heard on any matter in the Case; (b) the GUC Claims Trust is the estate representative on all matters involving general unsecured claims pursuant to section 1123(b)(3)(B) of the Bankruptcy Code; (c) resolution of the Claims will have a material impact on the beneficiaries of the GUC Claims Trust; and (d) the GUC Claims Trust wishes to bring relevant issues and facts from the record to this Court's attention including the material and prejudicial impact that will allegedly befall the beneficiaries of the GUC Claims Trust if the Opinion is reversed.

## RESPONSE

16. Before addressing the merits of the Motion, the Appellants first wish to clarify one of the allegations made by the GUC Claims Trust.

17. In the Motion, the GUC Claims Trust asserts that the Claims (filed by the Appellants) amount to "$1.2 billion of asserted $1.8 billion of general unsecured claims asserted against the Debtors."

18. Contrary to the GUC Claims Trust's allegation, the Appellants, at all times, have sought a single recovery from the estate.

19. More specifically, each of the Appellants asserted claims against the Debtors, since the Appellants and the Debtors were all parties to the underlying agreements, which formed the basis for the Claims. As represented during proceedings before the Bankruptcy Court, the Appellants made it clear they were only seeking a single recovery, which amount represents less than seven percent (7%) of $1.8 billion, as opposed to the nearly sixty-eight percent (68%) in filed general unsecured claims as suggested by the GUC Claims Trust.

20. Thus, the "material and prejudicial" impact claimed by the GUC Claims Trust is far more *de minimus* when considering the actual facts and amounts at issue.

21. As to the merits of the Motion, the GUC Claims Trust seeks to intervene as of right under Federal Rules of Civil Procedure 24(a)(1) or (a)(2).

22. Under Fed.R.Civ.P. 24(a), intervention as of right is appropriate if the party seeking to intervene (1) "is given an unconditional right to intervene by a federal statute," or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*." Fed.R.Civ.P. 24(a) (emphasis added)

23. The GUC Claims Trust relies upon sections 1109 and 1123 of the Bankruptcy Code[3] as the federal statutes conferring an unconditional right to intervene by federal statute. While, at first glance, it may appear these statutes provide the GUC Claims Trust a right to intervene, a closer look, as well as consideration of the express terms of the Plan, leads to a different conclusion.

24. First, section 1109 provides that a party in interest, "including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." *See 11 U.S.C. § 1109(b)*. A claims trust, such as the GUC Claims Trust, is not expressly included among those parties deemed a party in interest.

25. In *Asbestos Settlement Tr. v. Port Auth. of N.Y. & N.J (In re Celotex Corp.)*, 377 B.R. 345 (Bankr. M.D. Fla. 2006), the bankruptcy court found that a trust and trust representatives

---

[3] 11 U.S.C. §§ 101 *et seq.*

had a right to be heard and to intervene under section 1109 of the Bankruptcy Code; however, the bankruptcy court was persuaded and relied upon language in the confirmation order, which *expressly* provided that the trust and trust representatives were deemed to be parties in interest under Section 1109(b) of the Bankruptcy Code. *Id*. at 350.[4]

26.     In the Case, neither the Plan nor the Confirmation Order expressly conferred such status on the GUC Claims Trust under section 1109(b), thus distinguishing this case from the *Celotex* case.

27.     Second, in considering whether Section 1123(b)(3)(B) provides a statutory basis in support of intervention as of right, the Plan expressly provides the following:

> The GUC Claims Trustee shall be the exclusive administrator of the assets of the GUC Claims Trust for purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representatives of the Estate of each of the Debtors appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, **solely for purposes of carrying out the GUC Claims Trustee's duties.**

*See Plan, Section IV(V)(a)*, p.31 (emphasis and bolding added).

28.     In considering the duties of the GUC Claims Trust and GUC Claims Trustee, the Plan further provides the following:

> (a)     "The GUC Claims Trustee will, among other things, administer the GUC Claims Trust Assets and will be the Estates' representative with respect to the settlement, release, allowance, disallowance, or compromise of GUC Claims in accordance with the Plan and the Bankruptcy Code." *See Plan, Section IV(V)(b), p.31;* and
>
> (b)     "After the Effective Date, (a) the Reorganized Debtors shall have the sole authority to File, withdraw, or litigate to judgment, objections to all Claims other than GUC Claims and the GUC Claims Trust shall have the sole authority to

---

[4] The *Celotex* court held, in part, "[t]he basis for this conclusion is found in paragraph 17 of the Order Confirming Plan . . . [which] paragraph provides [in part]: . . . [e]ach Trustee, *the Trust Advisory Committee, the PD Advisory Committee,* the Property Damage Claims Administrator, *the Legal Representative*, and the Representative Indirect Asbestos Claimant *shall be, and hereby is deemed to be, a 'party in interest' on an after the Effective Date* **within the meaning of Section 1109(b) of the Bankruptcy Code.**" *Id.* at 350 (emphasis in original) (bolding added).

File, withdraw, or litigate to judgment, objections to all GUC Claims." *See Plan, Section VII(B), p.42.*

29. Under Sections IV and VII of the Plan, the GUC Claims Trustee appears to be designated a representative under Section 1123(b) solely for purposes of performing the GUC Claims Trustee's duties, which include the authority of the GUC Claims Trust to compromise or File objections to GUC Claims.[5]

30. In the case of *City of Chicago v. Wexler (In re: Wexler)*, 477 B.R. 709 (Bankr. N.D. Ill. 2012), the bankruptcy court held, in part, in considering whether another section of the Bankruptcy Code conferred an unconditional right to intervene, that "[section 323(a) of the Bankruptcy Code] merely provides that a trustee in a bankruptcy case 'is the representatives of the estate' and 'has capacity to sue and be sued.'" *Id* at 712 (quoting 11 U.S.C. § 323(a), (b)). "It says nothing whatever about intervention . . .." *Id.* "Nor does the Trustee's role as the estate's representative somehow imply an unconditional right to intervene …." *Id.* The *Wexler* court noted that, "[w]hen Congress wants to confer an unconditional right to intervene, it knows how to do so. Many federal statutes explicitly confer such a right." *Id.*

31. Nevertheless, notwithstanding the GUC Claims Trust had <u>sole</u> authority to prosecute objections to general unsecured claims (such as the Claims), it is the Debtors and their counsel who have prosecuted the Amended Objection through and following the Effective Date of the Plan, and neither the GUC Claims Trust nor the GUC Claims Trustee sought to substitute as the party in interest in the nearly one year since the Effective Date.

---

[5] Notwithstanding that the GUC Claims Trustee is vested with authority to compromise GUC Claims, the matter before this Court is the Appeal. The GUC Claims Trust alludes to the potential prejudicial effect in the event the Opinion is reversed. At first glance, it appears no compromise is intended; however, even so, the GUC Claims Trust has alleged that, "Counsel for the GUC Claims Trustee has been consulting with counsel for the Debtors with respect to the prosecution of the Khan Parties' claim objection and has been monitoring the Khan Parties' litigation." *See Motion*, p.4, ¶12. If true, then would be no need for intervention.

32.     At all times throughout discovery, Trial and post-Trial, neither the Committee[6] (prior to the Effective Date) nor the GUC Claims Trust or the GUC Claims Trustee (after the Effective Date) propounded any discovery requests, noticed or cross-noticed any depositions, called or examined any witnesses during the Trial, or submitted any post-Trial brief or memorandum of law.

33.     If, as suggested by the GUC Claims Trust, the GUC Claims Trust is the "main economic party in interest that is affected by the outcome of the appeal[,]" then surely the GUC Claims Trust would have seen it fit to substitute[7] as the party in interest in prosecuting the Amended Objection from and after the Effective Date (on December 18, 2020), as in accordance with the express terms of the Plan, which, again, provides, in part, "[a]fter the Effective Date . . . *the GUC Claims Trust shall have the sole authority to File, withdraw, or litigate to judgment, objections to all GUC Claims*." See Plan, Section VII(B), p.42 (emphasis added).

34.     Notwithstanding Section VII(B) of the Plan, rather than substitute as the party in interest, the GUC Claims Trust opted to have the Debtors continue prosecuting the Amended Objection presumably based, in part, because to do so (a) would be cost-effective for the estate and beneficial for the beneficiaries of the GUC Claims Trust, and (b) because the GUC Claims Trustee believed the interests of the estate were being adequately represented.

35.     According to the the GUC Claims Trust, there is legitimate concern for the interests of the beneficiaries of the GUC Claims Trust. If, as argued by the GUC Claims Trust, the outcome of the Appeal may be "the difference between a meaningful recovery and a *de minimus*

---

[6] The Committee was represented by the same counsel now representing the GUC Claims Trust.

[7] If substituted, it is arguable that the GUC Claims Trust would then become the Appellee in the Appeal, thus obviating any possible need for intervention.

recovery[,]" then, arguably, it is not in the best interests of the GUC Claims Trust to have any additional fees and costs paid by the GUC Claims Trust in the event the Motion is granted.

36.     The Appellants respectfully submit that the GUC Claims Trust cannot rely upon Sections 1109 or 1123(b) as a statute conferring an unconditional right to intervene in this appeal. Either such right was never conferred upon the GUC Claims Trustee, or the GUC Claims Trust/Trustee waived the right to pursue the Amended Objection, opting instead to have the Debtors continue prosecuting the Amended Objection.

37.     Additionally, contrary to the suggestion of the GUC Claims Trust, it is unnecessary for the GUC Claims Trust to intervene for purposes of bringing "relevant issues and facts from the record to the District Court's attention . . .." Counsel for the Debtors has litigated the Amended Objection from the very beginning and may ably bring any relevant issues and facts before this Court.  Indeed, the GUC Claims Trust neither argues nor could prove that its ability to protect any interest is impaired or impeded by the Debtors' ongoing prosecution of the Amended Objection, including this Appeal, or that the Debtors and their counsel are not adequately representing such interest.

38.     Finally, although not argued by the GUC Claims Trust, the Court may permit intervention under Fed.R.Civ.P. 24(b) if either the GUC Claims Trust is given a conditional right to intervene by federal statute or has a claim or defense that shares with the main action a common question of law or fact.

39.     "Permissive intervention is inherently discretionary and a court may deny a motion for permissive intervention even if the movant has met all of the requirements of Rule 24(b)." *Love v. Vilsack,* 304 F.R.D. 85, 89 (D.D.C. 2014) (internal quotation marks and citation omitted), *aff'd* No. 14-5185, 2014 WL 6725758 (D.C. Cir. Nov. 18, 2014). "When exercising its discretion, a

district court 'can consider almost any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene].'" *CCUR Aviation Finance, LLC et al. v. South Aviation, Inc. et. al.,* 2021 U.S. Dist. LEXIS 65571, at *3 (S.D. Fla. Apr. 5, 2021) (quoting *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 113 (1st Cir. 1999).

40. The GUC Claims Trust argues that it "seeks intervention in this Appeal in order to bring relevant issues and facts from the record to the District Court's attention . . . [and] [t]he GUC Claims Trust's intervention in the Appeal is necessary to protect the interests of the GUC Claims Trust as the main economic party in interest that is affected by the outcome of the appeal."

41. However, the Appellants respectfully submit there is no need for the GUC Claims Trust to bring any such issues and facts from the record to this Court's attention, and, if, in fact, the GUC Claims Trust is the "main economic party in interest", then the GUC Claims Trust should have sought authority to substitute as the party in interest, including in this Appeal.

42. Instead, the GUC Claims Trust opted not to substitute as the party in interest in prosecuting the Amended Objection, notwithstanding that the GUC Claims Trust has *sole* authority to prosecute an objection to a GUC Claim post-Effective Date. Indeed, the Debtors have prosecuted the Amended Objection from the beginning, including post-Effective Date under the Plan.

43. Even if the GUC Claims Trust substituted or now substitutes as the party in interest, the GUC Claims Trust would arguably become the Appellee, thus obviating any request to intervene and, therefore, the Motion would be rendered moot.

44. Consequently, the only remaining consideration is whether the GUC Claims Trust is afforded a conditional right to intervene by federal statute. The Appellants respectfully submit that the same analysis of sections 1109(b) and 1123(b) under Rule 24(a) applies. Having

established that neither the GUC Claims Trust nor the GUC Claims Trustee has a statutory right to intervene for the reasons stated hereinabove, the GUC Claims Trust has no right to permissive intervention.

45.     As a practical and final matter, the beneficiaries of the GUC Claims Trust will be prejudiced if the GUC Claims Trust Assets are dissipated by additional fees and costs incurred by the GUC Claims Trust in the event intervention is granted.

## **CONCLUSION**

46.     For the reasons set forth herein, the Appellants respectfully request that the Court deny the Motion.

**DATED**:  November 12, 2021

**SEESE, P.A**.
101 N.E 3rd Avenue
Suite 1270
Fort Lauderdale, FL 33301
Telephone: (954) 745-5897

By: /s/ *Michael D. Seese*
      Michael D. Seese
      Florida Bar No. 997323
      mseese@seeselaw.com

*Attorneys for the Appellants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served electronically via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case on this 12th day of November 2021.

                        */s/ Michael D. Seese*
                        Michael D. Seese, Esq.

**EXHIBIT "A"**

*Notice of Effective Date*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CINEMEX USA REAL ESTATE
HOLDINGS, INC., CINEMEX
HOLDINGS USA, INC., and CB
THEATER EXPERIENCE LLC,[1]

Debtors.
_____/

Chapter 11

Case No. 20-14695-LMI

(Jointly Administered)

**NOTICE OF (I) EFFECTIVE DATE OF DEBTORS' THIRD AMENDED
JOINT CHAPTER 11 PLAN OF REORGANIZATION AND
(II) BAR DATES FOR CERTAIN CLAIMS**

**PLEASE READ THIS NOTICE CAREFULLY AS IT CONTAINS BAR DATES AND OTHER INFORMATION THAT MAY AFFECT YOUR RIGHTS TO RECEIVE DISTRIBUTIONS UNDER THE PLAN:**

**Entry of Confirmation Order.** On November 25, 2020, the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Chapter 11 Plan of Reorganization of Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc. and CB Theater Experience LLC* (ECF No. 936) (the "Confirmation Order") in the above captioned chapter 11 cases of the above-captioned debtors (the "Debtors"). Pursuant to the Confirmation Order, the Bankruptcy Court confirmed the *Third Amended Joint Chapter 11 Plan of Reorganization of Cinemex USA Real Estate Holdings, Inc., Cinemex Holdings USA, Inc. and CB Theater Experience LLC* (ECF No. 936) (including all exhibits thereto and as further amended, modified, or supplemented from time to time, the "Plan").[2]

**Effective Date**. Each of the conditions precedent to the effectiveness of the Plan occurred or was waived in accordance with its provisions. Accordingly, the Plan became effective and was substantially consummated on **December 18, 2020** (the "Effective Date").

**Binding Effect**. The Plan and its provisions are binding on the Debtor, all present and former holders of Claims or Interests (whether or not such holders shall receive or retain any property or interest in property under the Plan), and their respective heirs, executors,

---

[1]  The Debtors in these cases and the last four digits of each Debtor's federal tax identification number are as follows: (1) Cinemex USA Real Estate Holdings, Inc. (2194) ; (2) Cinemex Holdings USA, Inc. (5502); and (3) CB Theater Experience LLC (0563. The address for the Debtors is 175 South West 7th Street, Suite 1108, Miami, Florida 33131.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

09923-00001/12472083.2

administrators, successors, and assigns, whether or not the Claim or Interest of such holder is impaired under the Plan, and whether or not such holder voted to accept the Plan.

**Bar Date for General Administrative Claims**. The bar date or last date for the filing by any person of any motion or application for allowance of a General Administrative Claim (as defined in the Plan) that has accrued between the Petition Date and the Effective Date of the Plan and that remains unpaid shall be **4:00 p.m. (prevailing eastern time) on January 18, 2021** (the "Administrative Expense Claim Bar Date"). Such General Administrative Claims must be filed with the Bankruptcy Court and also served on Cinemex Holdings USA, Inc., 175 South West 7th Street, Suite 1108, Miami, Florida 33131, Attn: Luis Castelazo, and Quinn Emanuel Urquhart & Sullivan LLP, Pennzoil Place, 711 Louisiana Street, Suite 500, Houston, TX 77002, Attn: Patricia B. Tomasco, by regular mail, overnight courier or hand delivery so as to be **actually received** by the Administrative Expense Claim Bar Date. **THE FAILURE TO TIMELY FILE SUCH A GENERAL ADMINISTRATIVE CLAIM ACCRUING BETWEEN THE PETITION DATE AND THE EFFECTIVE DATE AS REQUIRED SHALL BAR THE GENERAL ADMINISTRATIVE CLAIM FROM BEING PAID.** Nothing in the Plan, Confirmation Order, or this notice extends or modifies any previously applicable Bar Date.

**Bar Date for Rejection Claims**. Pursuant to Article V.B of the Plan, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases pursuant to the Plan or Confirmation Order, shall be filed by **4:00 p.m. (prevailing eastern time) on January 18, 2021** (the "Rejection Bar Date"), and served upon Cinemex Holdings USA, Inc., 175 South West 7th Street, Suite 1108, Miami, Florida 33131, Attn: Luis Castelazo, and Quinn Emanuel Urquhart & Sullivan LLP, Pennzoil Place, 711 Louisiana Street, Suite 500, Houston, TX 77002, Attn: Patricia B. Tomasco; and the Advisory Trust Group, LLC, c/o Pachulski Stang Ziehl & Jones, 780 Third Avenue, 34th Floor, New York, New York 10017 Attn: Bradford J. Sandler and Attn: Cia Mackle at cmackle@pszjlaw.com, so as to be actually received by the Rejection Bar Date. **ANY REJECTION CLAIM NOT FILED AND SERVED AS SET FORTH ABOVE BY THE REJECTION BAR DATE SHALL BE FOREVER DISALLOWED AND BARRED.** Nothing in the Plan, Confirmation Order, or this notice extends or modifies any previously applicable Bar Date.

**Injunctions, Releases, Exculpations**. Pursuant to the Plan, subject to the provisions of section 362 of the Bankruptcy Code, all injunctions and stays provided for in the Chapter 11 Cases under section 362 of the Bankruptcy Code and in existence on the Confirmation Date, shall be supplanted by the injunctions, discharges, releases, and exculpations in Article VIII of the Plan.

**Retention of Jurisdiction**. Notwithstanding the entry of this Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, this Court (including any successor hereto) shall retain exclusive jurisdiction, subject to any rights of parties in interest to seek withdrawal of the bankruptcy reference with respect to any matters subject to mandatory or discretionary withdrawal and any rights of other parties in interest to oppose such request, over all matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 112 of the Bankruptcy Code.

**Copies of the Confirmation Order and the Plan**. Copies of the Confirmation Order and the Plan, the proof of claim form, the dockets of the Chapter 11 Cases, and other relevant case

information are publicly available, free of charge, by accessing the Debtors' case information website at https://www.cases.omniagentsolutions.com/cinemex. You may also obtain copies of any relevant pleadings filed in these chapter 11 cases for a fee via PACER at http://www.pacer.gov.

Respectfully submitted this 18th day of December, 2020.

> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> Patricia B. Tomasco (admitted *pro hac vice*)
> 711 Louisiana Street, Suite 500
> Houston, Texas 77002
> Telephone: 713-221-7000
> Facsimile: 713-221-7100
> Email: pattytomasco@quinnemanuel.com
>
> By: /s/ *Patricia B. Tomasco*
> Patricia B. Tomasco (admitted *pro hac vice*)
>
> Juan P. Morillo (FBN 135933)
> 1300 I Street, NW, Suite 900
> Washington, D.C. 20005
> Telephone: 202-538-8000
> Facsimile: 202-538-8100
> Email: juanmorillo@quinnemanuel.com
>
> -and-
>
> BAST AMRON LLP
>
> Jeffrey P. Bast (FBN 996343)
> Brett M. Amron (FBN 148342)
> one Southeast Third Avenue, Suite 1400
> Sun Trust International Center
> Miami, Florida 33131
> Telephone: 305-379-7904
> Facsimile: 305-379-7905
> Email: jbast@bastamron.com
> Email: bamron@bastamron.com
>
> COUNSEL FOR CINEMEX USA REAL ESTATE HOLDINGS, INC., CINEMEX HOLDINGS USA, INC., and CB THEATER EXPERIENCE LLC