UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

Case No.: 1:21-cv-23675-RKA

**District Theaters, Inc.,** *et al.,*

    Appellants,

v.

**Cinemex Holdings USA, Inc.,** *et al.,*

    Appellees.

_____/

**GUC CLAIMS TRUSTEE'S REPLY TO APPELLANTS' OPPOSITION TO MOTION TO INTERVENE IN APPEAL**

The GUC Claims Trustee of the GUC Claims Trust formed in the chapter 11 bankruptcy cases of Cinemex Holdings USA, Inc., *et al.* ("Bankruptcy Cases") hereby replies to the *Response and Incorporated Memorandum of Law in Opposition to GUC Claims Trust's Motion to Intervene in Appeal With Incorporated Memorandum of Law* (the "Opposition") filed by Omar Khan, S.C.G.C Inc., SCGM Inc., SCG-B Inc., SCG-VP Inc., District Theaters, Inc., SCG-WR LLC, SCG-CS Inc., SCGK Inc., SCG-SW Inc., SCG-WL Inc. and SCG-N Inc. (collectively, the "Khan Parties" or "Appellants"), and respectfully states as follows:

**INTRODUCTION**

1. The Khan Parties' primary argument is that the GUC Claims Trust's interests are adequately represented by the Reorganized Debtors, who initiated the claim objection before the GUC Claims Trust came into existence and prosecuted the claim objection to conclusion before the Bankruptcy Court. That argument is irrelevant to a determination of whether the GUC Claims Trust is entitled to intervene as of right under Rule 24(a)(1) of the Federal Rules of Civil

Procedures or permissively under 24(b), which do not adopt the "unless existing parties adequately represent that interest" standard of Rule 24(a)(2).

2. While it is true that the Debtors have done an outstanding job in successfully prosecuting the claim objection that gives rise to the instant appeal, and thus also true that this Court *might* hypothetically conclude that the GUC Claims Trust's admitted and necessary interests are "adequately represent[ed]" so as to frustrate intervention as of right under Rule 24(a)(2), this does not change the fact that the GUC Trust is *actually* a party in interest as to which the Court must grant intervention under Rule 24(a)(1) or, failing that, may and should grant permissive intervention under Rule 24(b).

3. The GUC Claims Trust is the entity that is statutorily vested with the authority and jurisdiction over general unsecured claims such as those being asserted by the Khan Parties. That authority was vested in the GUC Claims Trust pursuant to the order confirming the Debtors' Plan, which is a final federal Court order. Specifically, the Plan conferred upon the GUC Claims Trust provenance as the estate representative over general unsecured claims under section 1123(b) of the Bankruptcy Code, and as such, the GUC Claims Trust is statutorily entitled to a seat at the appellate table.

4. The GUC Claims Trustee seeks leave to intervene in the Appeal to protect the interests of general unsecured creditors who are the beneficiaries of the GUC Claims Trust and as the primary economic party in interest in this dispute. As noted in the Motion, Appellants' claims as initially filed represented 67.6% of the total asserted general unsecured claims pool.[1] The vast

---

[1] The GUC Claims Trust is unclear on how Appellants calculate that their general unsecured claims, if allowed a single recovery, constitute only 7% of the total general unsecured claims pool as asserted given that $1.2 billion of the $1.8 billion (approx.) claims constitute Appellant's

2

majority of Appellants' multiple claims were asserted against every single Debtor in the bankruptcy cases and had not been withdrawn by the Khan Parties prior to their disallowance by the Bankruptcy Court under the Claims Disallowance Order.

5.  Unless and until the Khan Parties agree to waive any recovery from the GUC Claims Trust or cease and desist from prosecuting the Appeal, the GUC Claims Trust is unquestionably a party in interest, and is entitled to intervene in the Appeal as a matter of right. Alternatively, this Court may exercise its discretion to permit the GUC Claims Trust to appear permissively.

## **REPLY**

6.  The Khan Parties argue that the GUC Claims Trust is not entitled to intervene in the Appeal pursuant to Rule 24(a)(1) of the Federal Rules of Civil Procedure because neither section 1109 or 1123 of the Bankruptcy Code provides the GUC Claims Trust with an unconditional right to do so. Specifically, the Khan Parties argue that the GUC Claims Trustee is not entitled to intervene as a matter of right because (1) section 1109 does not expressly include a post-confirmation trust in its non-exclusive list of parties in interest, and the Confirmation Order did not expressly provide that the Trust was deemed a party in interest under section 1109(b) of the Bankruptcy Code, and (2) section 1123 does not grant an unconditional right because the Plan

---

claims. By the GUC Claims Trust's estimate, the percentage would be significantly higher than the 7% figure stated in Opposition given that the claim asserted by Omar Kahn alone is $82.79 million and it is unclear whether his affiliates' claims asserted at $26 million would be additive of the $82.79 million claim asserted by Khan. ***The point remains the same***: Appellants' claims are significant (even if counted only once) and resolution will have a material impact on general unsecured claims. In any event, mandatory or permissive intervention are not conditioned upon the degree of the economic impact upon the GUC Claims Trust but upon the existence of such economic impact.

3

only provides for the GUC Claims Trust to compromise or file objections to GUC Claims and does not provide an express right to intervene. The Khan Parties are incorrect on both counts.

**A.      Section 1109(b) Provides a Basis for Intervention as a Matter of Right**

7.      As the Khan Parties note, section 1109 provides that a party in interest, "*including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.*" 11 U.S.C. § 1109(b) (emphasis added). While section 1109(b) does not expressly list a post-confirmation claims trustee as a "party in interest," the examples listed in section 1109(b) are non-exclusive. *See In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir. 1985) ("it is clear … that the term 'party in interest' is not limited by the small list of examples in § 1109(b)"); *Paradigm Elizabeth, LLC v. Empire TFI Jersey Holdings, LLC*, 560 B.R. 238, 242 (D.N.J. 2016); *Peachtree Lane Assocs. v. Granader (In re Peachtree Lane Assocs.)*, 188 B.R. 815, 825 (N.D. Ill. 1995); *In re Ionosphere Clubs*, 101 B.R. 844 (Bankr. S.D.N.Y. 1989) (section 1109(b) is not exclusive in its listing of parties in interest, but "if a party is not affected by the reorganization process it should not be considered a party in interest").

8.      In addition, section 1109(b) should be construed broadly to allow affected parties to appear and be heard. *See In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 546, 550 (Bankr. D.N.H. 1988) *citing In re Johns-Mansville Corp.*, 36 B.R. 743 (Bankr. S.D.N.Y. 1984); *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989). The term party-in-interest "'is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings.'" *Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353, 356 (10th Cir. 1995) (*quoting Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*,

4

5 F.3d 750, 756 (4th Cir. 1993). The GUC Claims Trust, as the party charged with addressing unsecured claims like those of the Khan Parties against the Debtors' estate and administering the recoveries for unsecured creditors, unquestionably has a pecuniary interest in the outcome of the appeal and thus is necessarily a party in interest within the meaning of section 1109(b).

9. The Khan Parties' reliance upon *In Asbestos Settlement Tr. v. Port Auth. of N.Y. & N.J* (*In re Celotex Corp.*), 377 B.R. 345 (Bankr. M.D. Fla. 2006), is misplaced. The Khan Parties summarize the import of this decision as "[the] bankruptcy court was persuaded and relied upon language in the confirmation order, which expressly provided that the trust and trust representatives were deemed to be parties in interest under Section 1109(b) of the Bankruptcy Code." Opp'n ¶ 25. While that statement is true, it seems to imply a "but for": but for the confirmation's order making a finding that a trust is a party in interest, a trust is *not* a party in interest. That was *not* the Court's ruling. Instead, the Court found that "[a]n entity's status as a 'party in interest' under §1109(b) satisfies the standard for intervention required by Rule 24(a)(1) of the Federal Rules of Civil Procedure since a 'statute of the United States confers an unconditional right to intervene.'" *Id.* at 350. That is, the Court's legal finding was that section 1109(b) confers a right to intervene upon any entity found to be a "party in interest." The court then went on to conclude that the entities seeking intervention were "conclusively determined" to be parties in interest as a result of the confirmation order. *Id.* In effect, the "conclusive determination" by virtue of the confirmation order rendered moot the court's factual and legal determination of whether the intervention-seeking entities were parties in interest, insofar as that determination had already been made. In the absence of a controlling prior order, as here, that determination remains to be made. Based on the facts here, the Court should determine that the

GUC Claims Trust is necessarily a party in interest. Having done so, the Court may rely upon the above-referenced opinion, relied upon by the Khan Parties, to conclude that section 1109(b) is a "statute of the United States confers an unconditional right to intervene.'" *Id.* at 350.

10. By way of further explanation of the nature of the GUC Claims Trust's "party in interest" status, it is beyond contest that a post confirmation trustee appointed by the Bankruptcy Court under a confirmed plan and confirmation order and charged with the duty to reconcile and make distributions in the Debtors' stead as the Debtors' estate representative under section 1123(b) of the Bankruptcy Code is a party in interest—with a clear "pecuniary" interest— for the purposes of section 1109(b) of the Bankruptcy Code. And this is true regardless of whether or not the Confirmation Order expressly confers "party in interest" status or not under section 1109(b).

11. As acknowledged by the Appellants, the Plan provides the GUC Claims Trust with the following powers and pecuniary interests, thus rendering it a "party in interest" in the bankruptcy cases of the Debtors in any matter involving general unsecured claims, and in this Appeal in particular: (i) "to File, withdraw, or litigate to judgment, objections to all GUC Claims" (Plan at Art. VII.B) and (ii) "be the Estates' representative with respect to the settlement, release, allowance, disallowance or compromise of GUC Claims in accordance with the Plan and the Bankruptcy Code." *See* Plan at Art. IV.V(a).

12. Based upon the foregoing facts and law, the Court should conclude that the General Unsecured Claims Trust may be granted intervention as of right under Rule 24(a)(1). Having satisfied the Rule 24(a)(1) test, the "adequately represent[ed]" component of Rule 24(a)(2) is not relevant.

6

**B.      Section 1123(b) Provides a Basis for Intervention as a Matter of Right**

13. In addition, 11 U.S.C. § 1123(b) supplies an additional basis for intervention as of right under Rule 24(a)(1). Section 1123(b)(6) permits a plan in bankruptcy to "include any other appropriate provision not inconsistent with the applicable provisions of this title." 11 U.S.C. § 1123(b)(6). In this case, the Plan vests the GUC Claims Trust with ultimate pecuniary interest and authority over all respects of unsecured claims, including but not limited to litigation and settlement. The authority granted the GUC Claims Trust pursuant to section 1123 thus gives it an "unconditional right" to intervene by rendering it the actual party in interest.

14. Appellants appear to argue that section 1123(b) of the Bankruptcy Code does not provide for intervention as of right by an estate representative where intervention is not specifically referenced in the statute, citing *City of Chicago v. Wexler (In re: Wexler)*, 477 B.R. 709 (Bankr. N.D. Ill. 2012), in which the bankruptcy court found that in the context of section 323 (role of trustee is a representative of the estate), and not section 1123, intervention it is not a matter of right as it is not specifically listed. Insofar as the GUC Claims Trustee does not rely upon section 323, and insofar as *Wexler* does not address any other sections of the Bankruptcy, including section 1123, *Wexler* does not seem relevant.

15. Moreover, any suggestion by the Khan Parties that the generic holding of *Wexler* with respect to section 323 ought to be broadened to reach similarities with respect to the language in section 1123 should be rejected. While it is true that sections 323 and 1123(b) both relate to representatives of the estate, they are not analogous. Section 323 says, simply, that a trustee is "the representative of the estate" and "has the capacity to sue and be sued." 11 U.S.C. § 323(a) and (b). As noted above, section 1123(b)(6) provides for the broad grant of authority to a trustee.

7

In addition, section 1123(b)(3) provides for a further broad grant to, among others, a "representative of the estate. That section authorizes plan provisions to provide for "the retention and enforcement by . . . a representative of the estate appointed for such purpose, of any . . . claim or interest." 11 U.S.C. § 1123(b)(3)(B). Accordingly, section 1123(b)(3) and (6) serve to expressly authorize the terms of a plan where they do not otherwise conflict with section 1123.

16. In addition, applicable caselaw within the Third Circuit finds the opposite from the decision reached in *Wexler*: intervention by a trustee under section 323 *is* a matter of right. *See, e.g., Yetter v. Wise Power Sys.*, 929 F. Supp. 2d 329, 332 (D. Del. 2013) ("Pursuant to 11 U.S.C. § 323, the [trustee] has an interest in the claim to the extent of recovering the value of what is owed the creditors. The motion to intervene will be granted."); *Goodville Mutual Cas. Co. v. Hynes* (*In re Hynes*), No. 08-15634, 2009 Bankr. LEXIS 4140, *6 n. 2 (Bankr. E.D. Pa. Dec. 14, 2009) ("By virtue of section 323 . . . , the trustee . . . "may intervene as the estate's representative").

17. Appellants also suggest that because the Plan provides that the GUC Claims Trustee shall be the Estates' representative with respect to the settlement, release, allowance, disallowance or compromise of the GUC Claims, but does not specifically refer to intervention, that the GUC Claims Trustee is limited to compromising or filing objections to claims and has no right to intervene with respect to the aforementioned matters. But the GUC Claims Trustee's reach expressly extends to all manner of the "allowance" or "disallowance" process of GUC Claims, as acknowledged by Appellants, which encompasses, resolution of GUC Claims by a "Final Order." *See* Plan at Art. I.A.6 ("Allowed"); A.50 ("Disallowed"); and A.66 ("Final Order"). As defined under the Plan, a "Final Order" extends to appellate review and, specifically, to this Court's determination of whether the Bankruptcy Court erred in disallowing the Khan Parties' Claims. *Id.*

8

at Art. I.A.66.  Thus, the broad grant of authority given to the GUC Claims Trust under the Plan and Confirmation Order and pursuant to 11 U.S.C. § 1123 renders section 1123 another statutory source of an "unconditional right" to intervene.

## C.      Other Considerations

18.     Finally, to the extent the Court is inclined to consider permissive intervention under Rule 24(b), Appellants suggest that because the GUC Claims Trust *could* seek to substitute as the actual party in interest, instead of allowing the Reorganized Debtors to continue prosecuting the Amended Objection and appeal, the GUC claims Trust is not entitled to intervene.  This proposition is not supported by any law nor does it refute the fact that the GUC Claims Trust is vested with jurisdictional authority over GUC Claims, including the Khan Parties' claims at issue in this Appeal.  In addition to the justifications for intervention as of right under Rule 24(a), this Court could justifiably find in favor of permissive intervention under Rule 24(b).

19.     In seeking to exclude the GUC Claims Trustee from participating in the Appeal, Appellants ignore the plain terms of the Plan Confirmation Order, the Plan, and Rule 24.

## CONCLUSION

**WHEREFORE**, the GUC Claims Trustee respectfully requests that the Court (i) grant the Motion; (ii) give the GUC Claims Trustee a reasonable opportunity to supplement the record; (iii) otherwise treat the GUC Claims Trustee as an "Appellee" for all purposes, as if originally named as such in the Notice of Appeal; and (iv) grant the GUC Claims Trustee such other and further

9

relief as it deems just and proper.

Dated:  November 19, 2021                     BERGER SINGERMAN LLP
                                              313 N. Monroe Street, Suite 301
                                              Tallahassee, FL 32301
                                              Telephone:  (850) 561-3010
                                              Facsimile:  (850) 561-3013

                                              By:     */s/ Brian G. Rich*
                                                      Brian G. Rich
                                                      Florida Bar No. 38229
                                                      brich@bergersingerman.com

                                              -and-

                                              PACHULSKI STANG ZIEHL & JONES LLP
                                              Robert J. Feinstein (admitted pro hac vice)
                                              Bradford J. Sandler (admitted pro hac vice)
                                              Cia H. Mackle (FBN 26471)
                                              780 Third Avenue, 34th Floor
                                              New York,  NY 10017-2024
                                              Telephone: (212) 561-7700
                                              Facsimile:   (212) 561-7777
                                              Email: rfeinstein@pszjlaw.com
                                                         bsandler@pszjlaw.com
                                                         cmackle@pszjlaw.com

                                              *Counsel for GUC Claims Trust*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon all parties registered to received electronic notice through the Court's CM/ECF System on this 19th day of November 2021.

                                              By:    */s/ Brian G. Rich*
                                                      Brian G. Rich